UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**GEORGIA RIVER NETWORK and AMERICAN RIVERS,**

**Plaintiffs,**

v.   4:10-cv-267

**U.S. ARMY CORPS OF ENGINEERS, et al.,**

**Defendants,**

and

**GRADY COUNTY BOARD OF COMMISSIONERS,**

**Intervenor.**

## ORDER

### I. INTRODUCTION

Georgia River Network and American Rivers (collectively "Plaintiffs") filed a complaint against the United States Army Corps of Engineers (the "Corps"), Lieutenant General Robert L. Van Antwerp, Colonel Jeffrey M. Hall, and Russell L. Kaiser (collectively "Defendants"). *See* Doc. 1.

In the complaint, Plaintiffs challenge the Corps's decision to authorize construction of a dam across part of Tired Creek fishing lake ("Tired Creek"), which is located in Grady County, Georgia. *See id.* at 2. Grady County itself was heavily involved in the approval process, and, according to Plaintiffs' allegations, worked closely with the Corps in obtaining approval for the dam. *See id.* at 2-3.

Plaintiffs claim that the Corps's decision was improper because it was not based on a valid, demonstrated need for the dam. *See id.* at 3. Plaintiffs also claim that the Corps violated a number of federal environmental statutes by: (1) failing to prepare an adequate alternatives analysis as required under the Clean Water Act ("CWA"); (2) underestimating wetland impact in violation of the CWA; (3) failing to properly assess indirect environmental impacts in violation of the National Environmental Policy Act ("NEPA"); and (4) failing to prepare an environmental impact statement. *See id.* at 3-4.

Plaintiffs allege that venue is proper in the Savannah Division of the Southern District of Georgia because the Corps resides in Savannah. *See id.* at 4. In its answer to the complaint, the Corps neither affirmed nor denied its residence in Savannah; instead, it responded to Plaintiffs' venue allegation by stating that the allegation was a legal conclusion that required no response. *See* Doc. 12 at 3.

Grady County Board of Commissioners later intervened in the suit, and responded in like manner to Plaintiffs' venue allegations. *See* Doc. 13-1 at 5.

Two motions are now pending before the Court—Plaintiff's Motion to Consider Extra-Record Documents, *see* Doc. 28, and a Motion to Intervene filed by Leon County, Florida, *see* Doc. 30.

Before ruling on either of these motions, the Court expresses its concern that the Southern District of Georgia is not the

appropriate venue in which to decide this case. Tired Creek is located in the Middle District of Georgia, and it appears from the relatively brief record, that most relevant events occurred in the Middle District of Georgia.

## II. ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Because the Defendants are a government agency and employees of that agency, venue is proper in any judicial district in which:

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

As the Eleventh Circuit recently noted, "there is a 'long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens,* as codified at 28 U.S.C. § 1404(a),' but only 'so long as the parties are first given the opportunity to present their views on the issue.'" *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).

Despite the considerable discretion afforded district courts in transferring matters under § 1404(a), "'the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons.'" *Id.* (quoting *Starnes v. Small*, 512 F.2d 918, 934 (D.C. Cir. 1974)).

Here, Plaintiffs' allegations challenge a decision by the Corps to allow construction of a dam affecting Tired Creek, which is located in Grady County, Georgia. *See* Doc. 1 at 15-16. Grady County is situated in the Middle District of Georgia. 28 U.S.C. § 90(b). Although the approval process was protracted, there are no allegations in Plaintiffs' nearly fifty-page complaint that any significant part of it took place in Savannah. The only tie to the Southern District of Georgia appears to be Plaintiffs' allegation that the Corps resides here—an allegation not admitted by the Corps. To the contrary, Plaintiffs make much in the complaint about their deep ties to Grady County. *See, e.g.,* Doc. 1 at 6. In addition, the complaint details intense negotiations with Grady County officials, which included a number of site visits. *See, e.g., id.* at 29.

Given the special relationship of this dispute to property located in the Middle District, the Court is hesitant to exercise its jurisdiction. The parties are therefore ordered to show cause why this matter should not be transferred to the United States District Court for the Middle District of Georgia for plenary disposition.

## III. CONCLUSION

Plaintiffs shall file an explanation of proper venue to the Court within fourteen (14) days of this order. Defendants shall have fourteen (14) days to respond. Replies shall only be permitted by leave of Court.

This 25th day of April 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA