UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GEORGIA RIVER NETWORK and
AMERICAN RIVERS,

Plaintiffs,

v.                          4:10-cv-267

U.S. ARMY CORPS OF ENGINEERS;
LT. GENERAL ROBERT L. VAN
ANTWERP, U.S. Army Corps of
Engineers; COLONEL JEFFREY M.
HALL, U.S. Army Corps of Engineers,
Savannah District; RUSSELL L.
KAISER, U.S. Army Corps of Engineers,
Savannah District,

Defendants,

And

GRADY COUNTY BOARD OF
COMMISSIONERS,

Defendant-Intervener.

## ORDER

## I. INTRODUCTION

On May 28, 2010, the United States
Army Corps of Engineers ("Corps") issued
the Grady County Board of Commissioners
("Grady County") a permit to construct a
960-acre fishing lake. *See* Doc. 1 at 1. The
Corps based its decision on an angler
demand study prepared by Dr. Michael
Maceina, a fisheries biologist from Auburn
University, and a wetlands delineation
study, prepared by Douglas Pope, Grady
County's wetlands consultant. *See* Doc. 28
at 2, 4, 7.

Plaintiffs Georgia River Network and
American Rivers ("Plaintiffs") filed this
action to invalidate the permit. *See* Doc. 1
at 49. Plaintiffs are environmental
conservation organizations with members
residing in Grady County whose enjoyment
of the affected lands would be disturbed by
the proposed lake. *See* Doc. 1 at 5-6.
Plaintiffs challenge the Corps's permit under
the Clean Water Act ("CWA"), 33 U.S.C.
§ 1251 *et seq.*, the National Environmental
Policy Act ("NEPA"), 42 U.S.C. § 4321 *et
seq.*, and the Administrate Procedure Act
("APA"), 5 U.S.C. §§ 701-706. *See* Doc. 28
at 3.

Before the Court is Plaintiffs' Motion to
Consider Extra-record Documents. *See*
Doc. 28.

## II. ANALYSIS

### A. General Rule

Under the APA, a person harmed by an
agency action is entitled to judicial review.
*See* 5 U.S.C. § 702. The reviewing court
must "hold unlawful and set aside agency
action, findings, and conclusions found to be
. . . arbitrary, capricious, an abuse of
discretion, or otherwise not in accordance
with law." *See* 5 U.S.C. § 706(2)(A). But
"[t]he role of the court is not to conduct its
own investigation and substitute its own
judgment for the administrative agency's
decision." *Pres. Endangered Areas of
Cobb's History, Inc. v. U.S. Army Corps of
Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996)
("*PEACH*"). The agency action must be
upheld if the agency has "considered the
relevant factors and articulated a rational
connection between the facts found and the
choice made." *See Baltimore Gas & Elec.*

*Co. v. Natural Res. Defense Council*, 462 U.S. 87, 105 (1983).

"The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking." *See Fla. Power & Light*, 470 U.S. at 744.

**B. Exceptions**

Under "certain circumstances," a reviewing court may look beyond the administrative record. For example, supplementation of the administrative record may be appropriate where:

(1) an agency's failure to explain its action effectively frustrates judicial review;

(2) it appears that the agency relied on materials not included in the record;

(3) technical terms or complex subjects need to be explained; or

(4) there is a strong showing of agency bad faith or improper behavior.

*Altamaha Riverkeeper, Inc. v. U. S. Army Corps of Eng'rs*, 2007 WL 1830864, at *2 (S.D. Ga. June 21, 2007) (citing *PEACH*, 87 F.3d at 1246 n.1). "Such exceptions are 'narrowly construed,' however, and the party seeking discovery has 'a heavy burden to show that supplementation is necessary.'"

*Kirkpatrick v. White*, 351 F. Supp. 2d 1261, 1272 (N.D. Ala. 2004) (quoting *United States v. Amtreco, Inc.*, 806 F. Supp. 1004, 1006 (M.D. Ga. 1992)).

Rather than narrowly construe these four exceptions, Plaintiffs argue that the Court should also consider extra-record documents (1) when the agency fails to consider "all *relevant factors* in making its decision" and (2) "in *NEPA cases* to assess a determination that no [Environmental Impact Statement] is necessary." *See* Doc. 28 at 13-14 (citing *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 914 n.16 (11th Cir. 2007); *Webb v. Gorsuch*, 699 F.2d 157, 159 n.2 (4th Cir. 1983)).

The Eleventh Circuit does not accept a "relevant factors" exception. In *Sierra Club*, the Eleventh Circuit used this language in a parenthetical citation of a Ninth Circuit case, in a footnote. *See Sierra Club*, 488 F.3d at 914 n.16 (citing *Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 760 n.5 (9th Cir. 1996)). The Ninth Circuit, also in a footnote, explained that courts may sometimes consider extra-record background information because "it will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *See Inland Empire*, 488 F.3d at 760 n.5 (citations omitted).

Neither court created an independent exception with these footnotes. *See also Miccosukee Tribe of Indians v. United States*, 396 F. Supp. 2d 1327, 1331 (S.D.

Fla. 2005) (holding that the Eleventh Circuit does not recognize this purported Ninth Circuit exception). The Court must look to the factors the Corps considered in its assessment of whether the agency's actions were arbitrary and capricious. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Sometimes "technical terms or complex subjects need to be explained," in order for the Court to make that judgment. *See PEACH*, 87 F.3d at 1246 n.1. But the Court is typically confined to the administrative record. *See Fla. Power & Light*, 470 U.S. at 744.

The *Miccosukee* court also held that the Eleventh Circuit has not accepted Plaintiffs' purported NEPA exception. 396 F. Supp. 2d at 1333.

> Although deviation from this 'record rule' occurs with more frequency in the review of NEPA cases than in the review of other agency decisions . . . Courts may conduct plenary review, and consider additional information obtained from the parties through affidavits or testimony, only when the administrative record is so inadequate as to prevent the reviewing court from effectively determining whether the agency considered all environmental consequences of its proposed action.

*Id.* (internal quotation and citation omitted) (citing *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997), a Second Circuit case discussing Plaintiffs' purported NEPA exception). Explained this way, this exception is merely a restatement of the Eleventh Circuit's exception for supplementation where "an agency's failure to explain its action effectively frustrates judicial review." *See PEACH*, 87 F.3d at 1246 n.1.

The Court will apply only those exceptions that the Eleventh Circuit explicitly referred to in *PEACH*. *See id.*

## C. Plaintiffs' Extra-Record Evidence

Plaintiffs ask the Court to consider two letters and two expert affidavits in addition to the administrative record when the Court later considers the merits of this case.

### 1. Dr. Brett Wright Affidavit

Plaintiffs offer Dr. Brett Wright, Chairman of Clemson University's Department of Parks, Recreation, and Tourism Management, as an expert in recreation and tourism management. *See* Doc. 28 at 11. Plaintiffs ask the Court to consider his affidavit. *See id..* In the affidavit, Dr. Wright testifies that the angler demand study was deeply flawed and reported inaccurate results. *See id.* at 15.

Plaintiffs argue that this affidavit falls under their purported relevant factors exception because it shows that the Corps failed to consider the flaws in the study it relied on. This argument fails to qualify the affidavit, even if the Court accepted the exception. *See id.* Plaintiffs do not argue that the agency failed to consider angler demand. Instead, Plaintiffs argue that the Corps failed to properly interpret a study of that factor. *See id.*

Plaintiffs also attempt to qualify this affidavit under a hybrid of *PEACH's* first

and third exceptions. *See* Doc. 28 at 20. Extra-record documents may be considered where an "agency's failure to explain its action effectively frustrates judicial review" or "technical terms or complex subjects need to be explained." *See PEACH*, 87 F.3d at 1246 n.1. Plaintiffs concede that these exceptions are distinct, but argue the Court should allow supplementation here because of the agency's "failure to explain in the Record the technical and complex aspects of its decision to issue the Permit that could potentially frustrate judicial review." *See* Doc. 28 at 19.

The agency need not act as an expert witness, explaining "technical terms or complex subjects" to the Court. *See PEACH*, 87 F.3d at 1246 n.1. The agency need only adequately explain its action. *See id.* Where "technical terms or complex subjects need to be explained" the Court can allow supplementation. *See id.*

Plaintiffs' proffered extra-record evidence is an expert's testimony attacking the expert report relied upon by the Corps. *See* Doc. 28 at 20-21. This is not the sort of evidence the Court might need to understand this subject matter, this is an attempt to commence a battle of the experts after the record has been closed.

Plaintiffs' Motion to Consider Extra-record Documents, *see* Doc. 28, is *DENIED* with respect to Dr. Wright's affidavit.

## 2. Georgia DNR Letter

Plaintiffs offer a 2006 letter from the Georgia Department of Natural Resources ("DNR") to State Senator John Bulloch. *See* Doc. 28 at 12. This letter argues there are inconsistencies in the angler demand study the agency relied on. *See id.*

Plaintiffs argue that this letter also falls under their purported relevant factors and hybrid technical terms exceptions because it too shows that the Corps failed to consider or explain the flaws in the study it relied on. These contentions are rejected for the same reasons cited above.

Plaintiffs' Motion to Consider Extra-record Documents, *see* Doc. 28, is *DENIED* with respect to the DNR letter.

## 3. Donley Kisner Affidavit

Plaintiffs offer Donley Kisner as an expert in wetland photographic interpretation. *See* Doc. 28 at 12. In his affidavit, Kisner testifies that his own review of the area indicates that three times as many wetlands will be affected by the proposed fishing lake as the wetlands delineation study the agency relied on. *See id.* at 12-13.

Plaintiffs argue that this affidavit also falls under their purported relevant factors exception. *See id.* at 18-19. But, as with the angler study, Plaintiffs do not argue that the Corps failed to consider wetlands delineation. Plaintiffs instead attempt to begin another battle of the experts on this issue. This argument fails to qualify the affidavit, even if the Court accepted Plaintiffs' exception.

Plaintiffs contend that this affidavit should be considered under their hybrid exception for the agency's failure to explain technical details. *See id.* at 22-23. This argument is rejected for the same reasons cited above.

Plaintiffs also attempt to qualify this affidavit under their NEPA exception. *See id.* at 24-25. But the Eleventh Circuit does not recognize this as a distinct exception.

Plaintiffs' Motion to Consider Extra-record Documents, *see* Doc. 28, is *DENIED* with respect to Kisner's affidavit.

#### 4. Douglas Pope Letter

Plaintiffs offer a 2002 letter from wetlands consultant Douglas Pope to Grady County. *See* Doc. 28 at 13. Plaintiffs contend that this letter shows Grady conspired to underestimate the amount of affected wetlands and exposes Pope's flawed methodology in delineating the wetlands. *See id.*

Plaintiffs argue that this exhibit should be considered under their hybrid exception. *See* Doc. 28 at 23. According to Plaintiffs, this letter outlines a faulty methodology and, therefore, Plaintiffs cannot attempt to use it to explain "technical terms or complex subjects" to the Court. *See PEACH*, 87 F.3d at 1246 n.1. It also fails to qualify under the exception for situations where "the agency's failure to explain its action effectively frustrates judicial review." *See id.* The letter purports to fill a gap in the record explaining how a report presented to the agency was created, not a hole in the agency's explanation. *See* Doc. 28 at 23.

Plaintiffs use this letter to levy a bad faith allegation against Grady County. While "a strong showing of agency bad faith or improper behavior" can justify supplementation, allegations of bad faith against a litigant before the agency have no such effect. *See PEACH*, 87 F.3d at 1246

n.1. Plaintiffs should have brought this evidence before the agency.

Plaintiffs' Motion to Consider Extra-record Documents, *see* Doc. 28, is *DENIED* with respect to this letter.

### III. CONCLUSION

"The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light*, 470 U.S. at 743.

Plaintiffs' Motion to Consider Extra-record Documents, *see* Doc. 28, is *DENIED*.

This 27th day of June 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA